(C.D. 2916)

THE NEWMAN IMP. COMPANY ET AL. *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 13, 1967)

*Glad & Tuttle* for the plaintiffs.

*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before OLIVER, WATSON, and RAO, Judges

RAO, Chief Judge: The merchandise involved in these cases consists of rubber motorboats assessed with duty at 12½ per centum ad valorem under paragraph 1537 of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, and 90 Treas. Dec. 280, T.D. 53877, as manufactures wholly or in chief value of gutta percha or india rubber, not specially provided for. It is claimed that they are properly dutiable at 4 per centum ad valorem under paragraph 370 of said tariff act, as modified by T.D. 55615, 97 Treas. Dec. 157, supplemented by T.D. 55649 as motorboats, valued not over $15,000 each.

These cases have been submitted for decision upon the following stipulation of fact:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialed WGC (Examiner's Initials) by Examiner William G. Cornthwaite (Examiner's Name) on the invoices covered by the protests enumerated in Schedule "A" attached hereto and made a part hereof, and assessed with duty at 12½ per cent ad valorem under Par. 1537 as modified, consist of rubber motorboats similar in all material respects to the merchandise the subject of *The Newman Company v. United States* C.D. 2739, wherein the Court held that said articles were dutiable at 5 per cent ad valorem under Par. 370 as modified by T.D. 55615, which rate was subsequently changed to 4 per cent also by T.D. 55615 prior to the importation of the merchandise covered by the protests enumerated on Schedule "A".

IT IS FURTHER STIPULATED AND AGREED that the record in C.D. 2739 be incorporated in the record of the protests enumerated in Schedule "A" and that said protests be submitted on such record and this stipulation, the protests being limited to the items marked "A" as aforesaid.

Upon the agreed facts of record and following the cited authority, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the examiner on the invoices covered by the protests enumerated on schedule "A," attached hereto and made a part hereof, is properly dutiable at 4 per centum ad valorem under paragraph 370, as modified, *supra*, as motorboats, valued not over $15,000 each.

The protests are sustained and judgment will be entered for the plaintiff.